# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **DELMAR MACK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:18-cv-01382 |
| ) | Judge Trauger |
| **TENNESSEE DEPARTMENT OF** ) | |
| **CORRECTION, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

On December 19, 2018, Delmar Mack, an inmate at the Bledsoe County Correctional Complex in Pikeville, Tennessee, filed a *pro se* complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application to proceed *in forma pauperis* (IFP) (Doc. No. 2). After the court noted the high balances reported in the plaintiff's inmate trust account, the plaintiff subsequently filed an updated IFP application in which he declared that he is unable to pay the $400.00 filing fee despite receiving $900.00 per month in veterans' disability benefits. (Doc. No. 8 at 1.) The plaintiff also submitted a letter to the court dated May 24, 2019, in which he stated that he "would like to proceed with paying the $400.00 filing fee." (Doc. No. 9 at 1.)

Based on these submissions, the court denied the plaintiff permission to proceed as a pauper and ordered him to pay the $400.00 filing fee within 28 days of the entry of the court's June 18, 2019 order. (Doc. No. 10.) The plaintiff was explicitly warned that if he did not comply with this order within the time frame specified or seek a timely extension, this action would be dismissed for failure to prosecute and for failure to comply with the court's order and the filing fee would be assessed against him. (*Id.* at 2.)

As of the date of this order, the plaintiff has not paid the filing fee as directed. Rather, in a notice dated July 22, 2019, he asserted that the Americans with Disabilities Act prohibits the collection of court costs from disabled individuals such as himself. (Doc. No. 11.)

Plaintiff's failure to comply with the court's order requires the dismissal of this action. Federal Rule of Civil Procedure 41(b) states that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Moreover, "[i]t is clear that the district court does have the power under Rule 41(b), Fed. R. Civ. P., to enter a sua sponte order of dismissal." *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). Dismissal of this action is appropriate in view of the plaintiff's fault in failing to comply with the court's order, despite having been warned that such failure would lead to dismissal. *Choate v. Emerton*, No. 2:16-cv-00037, 2018 WL 3656505, at *2 (M.D. Tenn. Aug. 2, 2018), *report and recommendation adopted*, 2018 WL 4076955 (M.D. Tenn. Aug. 27, 2018). Under Rule 41(b), dismissal for failure to prosecute can be either with or without prejudice. In view of the plaintiff's *pro se* status, as well as the preference for disposing of cases on their merits, the court finds dismissal without prejudice to be the appropriate disposition here. *See id.* (citing *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2011)).

Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** for want of prosecution and for failure to comply with the court's order.

The filing fee is nevertheless to be assessed against the prisoner in this circumstance. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997) ("If the prisoner does not comply with the district court's directions, the district court shall presume that the prisoner is not a pauper, and assess the inmate the full amount of fees."). While the plaintiff asserts that the

Americans with Disabilities Act (ADA) prohibits the assessment of "court costs" (Doc. No. 11 at 1), he does not identify any specific provision of the ADA that supports this assertion. In an abundance of caution, the court liberally construes the plaintiff's argument under the statute defining the exemption of veterans' benefits from judicial process, 38 U.S.C. § 5301. However, the court finds that such benefits are not exempt from an assessment to enforce the filing fee requirement. In pertinent part, Section 5301 provides as follows:

> [S]uch payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary. The preceding sentence shall not apply to claims of the United States arising under such laws [administered by the Secretary of the Department of Veterans' Affairs] . . . .

38 U.S.C. § 5301(a)(1).

"However, nothing in this statute suggests that recipients of Veterans' benefits are exempt from the statutory filing fee requirements of 28 U.S.C. § 1914, . . . [nor] that Veterans' benefits cannot be taken into account for purposes of determining whether a litigant is financially eligible for IFP status." *Slupkowski v. Terrell*, No. 08-1081 JNE/SRN, 2008 WL 3911386, at *2 (D. Minn. Aug. 18, 2008) (citing cases). Furthermore, "[b]y filing the complaint, the prisoner waives any objection to the fee assessment by the district court . . . [or] the withdrawal of funds from the trust account by prison officials to pay the prisoner's court fees and costs." *In re Prison Litig. Reform Act*, 105 F.3d at 1132. Even if the enforcement of the filing fee obligation were deemed to be a form of seizure by legal process under Section 5301(a)(1), "the required fees must be considered to be a claim of the government and, thus, exempt from the protective purposes of the statute." *Gleave v. Graham*, 954 F. Supp. 599, 611 (W.D.N.Y. 1997), *aff'd*, 152 F.3d 918 (2d Cir. 1998).

Accordingly, the plaintiff's objection to the fee assessment is overruled and the entire $400.00 fee is hereby **ASSESSED**, as follows:

The warden of the facility in which the plaintiff is currently housed, as custodian of the plaintiff's trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's credit at the jail; or (b) 20% of the average monthly balance to the plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the plaintiff's preceding monthly income (or income credited to the plaintiff for the preceding month), but only when the balance in his account exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $400.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this order to warden of the facility where the plaintiff is housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this order follows the plaintiff to his new place of confinement, for continued compliance with the order. All payments made pursuant to this order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge